## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MR. JOHN WM. SUMTER** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **PENNA. DEPARTMENT OF CORRECTIONS** | : | **NO.  14-4841** |
| **AT COAL STATE INSTITUTION, et al.** | : | |

### MEMORANDUM

**JOYNER, J.**                                                                 **AUGUST 25, 2014**


Plaintiff John Sumter brought this action, apparently pursuant to 42 U.S.C. § 1983, against the "Penna. Department of Corrections at Coal State Institution," "Factualitiy's of Staff," and "Camp Hill, State Corrections Institution."  He seeks leave to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

The complaint contains unclear, disjointed allegations and is difficult to understand.  It appears that Plaintiff's claims are based on his belief that he is wrongfully incarcerated as well as allegations that family members of his were murdered.  Plaintiff appears to be claiming that he identified an individual responsible to those or other murders and attempted to procure that individual's arrest.  He also references a *habeas* petition that he filed in this district, which was denied.  *See Sumter v. Cohen*, E.D. Pa. Civ. A. No. 13-2817 (Document Nos. 17 & 19). Plaintiff requests "release [from] prison" and damages.  (Compl. ¶ V.)

Plaintiff's motion to proceed *in forma pauperis* is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) require the Court to dismiss the complaint if it is frivolous or fails to state a claim.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S.

319, 325 (1989).  It is legally baseless if it is "based on an indisputably meritless legal theory,"

*Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the

facts alleged rise to the level of the irrational or the wholly incredible."  *Denton v. Hernandez*,

504 U.S. 25, 33 (1992).  To survive dismissal for failure to state a claim, the complaint must

contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "[M]ere conclusory

statements[] do not suffice."  *Id.*  As plaintiff is proceeding *pro se*, the Court must construe his

allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

"[W]hen a state prisoner is challenging the very fact or duration of his physical

imprisonment, and the relief he seeks is a determination that he is entitled to immediate release

or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."

*See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Accordingly, to the extent plaintiff seeks

release from imprisonment in this civil rights action, his claims are not cognizable and,

therefore, frivolous.  Furthermore, "to recover damages for allegedly unconstitutional conviction

or imprisonment, or for other harm caused by actions whose unlawfulness would render a

conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has

been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such determination, or called into question by a federal court's issuance of a

writ of habeas corpus[.]"  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation

omitted).  Here, nothing in the complaint reflects that plaintiff's convictions or sentence have

been overturned.  To the contrary, it is apparent that he was denied *habeas* relief.  Accordingly,

any claims for damages based on his imprisonment are frivolous.  To the extent plaintiff is

bringing claims based on his identification of a murder suspect, nothing about his allegations

establishes a plausible basis for a timely claim against the named defendants or any other individuals.

For the foregoing reasons, the Court will dismiss plaintiff's complaint.  Plaintiff will not be given leave to amend because amendment would be futile.  An appropriate order follows, which shall be docketed separately.